UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER CARBONELL,

      Petitioner,

   v.                        Case No.:  2:26-cv-00890-SPC-DNF

ICE FIELD OFFICE DIRECTOR *et al*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Javier Carbonell's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 10).

Carbonell is a native of and citizen of Cuba who was paroled into the United States in the 1990s.  Following unspecified convictions, an immigration judge ordered Carbonell removed in 2011.  Immigration and Customs Enforcement ("ICE") later released him under an order of supervision. Sometime thereafter, Carbonell was convicted of felony lewd and lascivious molestation of a child.  After his release from prison, ICE took him back into custody, then released him under another order of supervision.  Carbonell argues his detention is unlawful because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Carbonell's petition is premature because his current detention has not exceeded 180 days. They assume the six-month

presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The respondents' concerns about the Court's understanding of *Zadvydas* are overblown. It does not "effectively eliminate ICE's ability to ever remove an alien unless it does so within the presumptively reasonable timeframe." (Doc. 10 at 5). The *Zadvydas* framework guards only against *indefinite* detention. The government loses the presumption of reasonableness after the six-month period, but it can still show that detention is reasonable by meeting its burden of proof. The government is wrong to suggest the burden shift requires a counterfactual "finding that ICE has been unconstitutionally detaining Petitioner since his OSUP release." (Doc. 10 at 8). The *Zadvydas* framework is prospective, not retrospective. If the government can establish a significant likelihood of removal in the reasonably foreseeable future, detention is lawful. Otherwise, the government can keep tabs on the

noncitizen through reasonable conditions of supervision while it continues removal efforts. If removal becomes likely, the government can detain the noncitizen while it irons out the details.

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Carbonell carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove Carbonell to Cuba on two occasions, and there is no agreement between Cuba and the U.S. for his repatriation. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Carbonell will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Carbonell's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Khalid Carbonell's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Carbonell poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Carbonell may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record